### NASO v. BIAGGI.

Circuit Court, Dade County, Civil Appeal.
June 2, 1953.

Morton Rothenberg, Miami Beach, for appellant.

Frederick M. Lucarelli, Miami, for appellee.

STANLEY MILLEDGE, Circuit Judge.

It seems to me that summary judgment (the order appealed from) in favor of the defendant on his motion, is in error. The motion brought to the trial court's attention a previous action be-

tween the same parties in that court, case no. 48766. In this previous action the defendant sued for and obtained a judgment (which was paid) for the value of a refrigerator, which the defendant bought for the plaintiff under a promise of repayment which was never fulfilled. "Where a defendant pays a judgment for the value of the plaintiff's goods, the title to the goods passes to the defendant. The enforcement by the plaintiff of this remedy in effect makes the wrongdoer the rightful owner of the goods." 1 Williston on Sales, page 4.

This, of course, is a legal fiction, devised to effect justice so that a man may have the chattel or the price, but not both. Here there is no need for the fiction since, in the first case, the defendant (here) sued for the price. In other words, he took the position that the refrigerator belonged to the plaintiff for whom it had been purchased by the defendant and, since the plaintiff did not voluntarily reimburse the defendant for the price, he asked the court to coerce payment. The defendant succeeded. He obtained payment. The refrigerator was the property of the plaintiff, James Naso.

From the matter submitted by the defendant on motion for summary judgment, there is no genuine issue.

The order appealed from is reversed and this order shall stand as a judgment requiring the defendant, Louis Biaggi, to surrender to the plaintiff, James Naso, possession of the chattel described in the action, to-wit: one Admiral refrigerator located at 910 N. E. 117 Street, Miami, Florida, the costs of the action, including those on this appeal to be taxed against the defendant, for which let execution issue.